**Order filed December 2, 2021.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-21-00656-CV

### IN RE U.L, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**507th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-53465**

## ORDER

On November 10, 2021, relator U.L., mother in the underlying matter, filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Jim Evans, presiding judge of the 507th District Court of Harris County, to "reverse its October 28, 2021 ruling denying Relator's Emergency Motion to Stay the Proceedings of the enforcement."

Relator must file with the petition a sufficient record to establish the right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Relator's petition and appendix do not comply with the Texas Rules of Appellate Procedure. Relator's petition and appendix contain multiple references and documents with unredacted sensitive information of relator's minor child. *See* Tex. R. App. P. 9.8, 9.9(a)(3). Parties are required to redact all sensitive information in documents filed in this court unless the inclusion of the sensitive data is specifically required by a statute, court rule, or administrative regulation. Tex. R. App. P. 9.9(b). There is no statute, court rule, or administrative regulation requiring the inclusion of sensitive data.

Additionally, Rule 52.7(k) requires the appendix to relator's petition for writ of mandamus to include "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." Tex. R. App. P. 52.7(k)(1)(A). Relator's appendix does not include a certified or sworn copy of the trial court's order denying relator's emergency motion to stay proceedings.

Moreover, Rule 52.7 of the Texas Rules of Appellate Procedure requires relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding" and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained of." Tex. R. App. P. 52.7(a)(1)-(2). Relator's appendix does not include a verification. Further, relator's petition indicates the trial court conducted a hearing

2

on relator's motion to stay on October 28, 2021; however, the reporter's record of this hearing has not been made part of the mandamus record.

Accordingly, we order relator to redact all sensitive information from her petition as well as the documents included with her appendix to the petition and refile them in this court on or before December 9, 2021. By this order, the Court gives relator notice that her petition will be denied unless relator supplements and/or amends her petition to address the record issues identified above on or before December 9, 2021.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.